## A. D. MEADOWS v. STATE.
### No. 15342.

Court of Criminal Appeals of Texas.
June 1, 1932.

Rehearing Denied June 22, 1932.

Barron E. Phillips, of Houston, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, P. J.

Unlawfully carrying a pistol is the offense; penalty assessed at confinement in the county jail for a period of ninety days.

So far as revealed by the record, the procedure is regular. The facts heard upon the trial are not brought forward for review. Nothing appears which would warrant a reversal of the judgment.

It is therefore affirmed.

## H. L. MUMA v. STATE.
### No. 15343.

Court of Criminal Appeals of Texas.
June 1, 1932.

Rehearing Denied June 22, 1932.

Barron E. Phillips, of Houston, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, P. J.

Unlawfully carrying arms as defined by article 483, Pen. Code 1925, is the offense; penalty assessed at confinement in the county jail for a period of ninety days.

No statement of facts or bills of exception accompany the record. No specific complaint of any alleged fault in the ruling of the trial court has been pointed out, nor has such fault been perceived.

The judgment is affirmed.

## S. R. RAINS v. STATE.
### No. 15281.

Court of Criminal Appeals of Texas.
June 1, 1932.

T. T. Thompson, of Clarksville, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, P. J.

Malicious mischief as defined by article 1365, Pen. Code 1925, is the offense; penalty assessed at a fine of $100.

On their face the proceedings appear regular. No statement of facts or bills of exception are before this court. No legal ground for a reversal of the judgment has been perceived.

The judgment is affirmed.

## Charley RICHARDSON v. STATE.
### No. 15419.

Court of Criminal Appeals of Texas.
June 1, 1932.

Chastain & Judkins, of Eastland, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, P. J.

The unlawful possession of intoxicating liquor for the purpose of sale is the offense; penalty assessed at confinement in the penitentiary for one year.

The record is here without the facts heard in the trial court, and also without bills of exception. Nothing is disclosed which would authorize a reversal of the judgment.

It is therefore affirmed.